# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Christopher Petit, #239698     ) | |
| ) | |
| ) | C/A No. 4:10-1777-HFF-TER |
| Petitioner,     ) | |
| vs.     ) | |
| ) | REPORT AND RECOMMENDATION |
| ) | |
| Michael McCall, Warden of Perry     ) | |
| Correctional Institute,     ) | |
| Respondents.     ) | |
| ) | |

Petitioner, Christopher Petit ("Petitioner/Petit"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 9, 2010. Respondent filed a motion for summary judgment on December 3, 2010, along with a return and supporting memorandum. The undersigned issued an order filed December 29, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on March 7, 2011.(Doc. #24).

It is recommended that this action be dismissed as barred by the statute of limitations, and there are no grounds for equitable tolling. However, the procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I.  PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is currently confined in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Lexington County. Petitioner was charged with Murder, 2nd Degree Arson, and Possession of a Weapon during the Commission of a Violent Crime. (App. 559-560). Petitioner was represented on the charges by Jack Swerling, Esquire. On May 6, 1997, Petitioner proceeded to trial and was found guilty as indicted. The trial judge, the Honorable William P. Keesley, sentenced Petitioner to a life sentence on the Murder charge, eighteen (18) months on the weapons charge, and fifteen (15) years on the Arson charge.

Petitioner filed and served a timely notice of appeal. (1996 -GS-32-0855). Petitioner was represented in the direct appeal by Aileen P. Clare of the South Carolina Commission on Indigent Defense. In the direct appeal, Petitioner argued the following: (1) the trial court erred in its jury charge by allegedly including within its charge on accident, the additional element of foreseeability; (2) the trial court's curative instruction was inadequate to rectify impermissible testimony concerning the accused's lack of remorse; and (3) the trial court's charge concerning the inference of malice was an impermissible charge on the facts. (App. 544). The State was represented by Special Assistant Attorney General, Robert F. Daley.

On April 8, 1999, the South Carolina Supreme Court issued a Rule 220(b)(1), SCACR

opinion affirming Petitioner's conviction. (App. 587-588). The Remittitur was issued on May 12, 1999.

On November 16, 2000, Petitioner filed an application for Post-conviction Relief ("PCR"). In this application, Petitioner raised the following issues: (1) Applicant's Sixth Amendment right to the effective assistance of counsel was violated; (2) Applicant's Sixth and Fourteenth Amendment rights to a fair trial were violated; and, (3) Applicant's Sixth Amendment right to the effective assistance of appellate counsel was violated. (App. 591-598). The State filed a return and Motion to Dismiss stating Petitioner's claims were untimely pursuant to section 17-27-45 of the South Carolina Code. (App. 609). Addressing the merits of Petitioner's claim, the State requested an evidentiary hearing concerning Petitioner's ineffective assistance of trial and appellate counsel claims, while asking for summary dismissal of Petitioner's trial and direct appeal claims pursuant to section 17-27-20(b) (1985) of the South Carolina Code and Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1974). (App. 611). In reply, Petitioner claimed the statute of limitations should be tolled due to his receiving in-patient treatment and care for alleged psychiatric issues during the limitation period. (App. 615).

On February 14, 2002, a hearing was conducted concerning Petitioner's application for PCR. (App. 620-51). Specifically, Petitioner testified he was incompetent from March 21, 2000, until November 9, 2000, but failed to present evidence concerning his competency. (App. 656). Petitioner further asked that the limitation period be tolled from March 21, 2000, until May 12, 2000. (App. 656).

Following the hearing, the PCR court issued an order dismissing Petitioner's claim as untimely. (App. 656-57). In particular, the PCR court noted that Petitioner's limitation period could

only be tolled for the 52 day period between March 21, 2000, the date of his institutionalization, and May 12, 2000, the expiration of the limitation period. (App. 656-57). The PCR court further pointed out the expiration of the 52 day period would conclude on July 3, 2000, and Petitioner did not file his claim until November 16, 2000. (App. 656-57). Continuing, the PCR court found that while Petitioner submitted handwritten notes from Department of Corrections officials stating he was institutionalized from March until August of 2000, Petitioner claimed he was incompetent until November 2, 2000. (App. 656-57). Addressing this issue, the PCR court highlighted that Petitioner failed to produce any medical documentation or testimony supporting his extended incompetence. (App. 657).

Petitioner timely filed and served a Notice of Appeal. (See Notice of Appeal in #2000-CP-32-3353). In his Petition for Writ of Certiorari, Petitioner claimed the limitation period should be tolled because of his institutionalization. (See Return to Petition for Certiorari in #2000-CP-32-3353). In its Return, the State disagreed claiming Petitioner was not entitled to tolling, but even if he were, Petitioner's application was still untimely as noted by the PCR court. (See Return to Petition for Certiorari in #2000-CP-32-3353).

On April 21, 2004, the Supreme Court of South Carolina granted Certiorari in order to review Petitioner's claims. (See Order Granting Certiorari in #2000-CP-32-3353). However, after briefing the issue, the Court issued an order on May 9, 2005, concluding Certiorari was improvidently granted.( See Petit v. State, Opinion No. 2005-MO-015). The Remittitur was issued on May 27, 2005. (See Remittitur in #2000-CP-32-3353).

SECOND PCR AND APPEAL

On May 16, 2007, Petitioner filed a second application for PCR claiming the following: (1) the trial court lacked subject matter jurisdiction; (2) his due process rights were violated by alleged prosecutorial misconduct; (3) ineffective assistance of counsel; and (4) newly discovered evidence. (See Application for PCR in #2007-CP-32-1746). Responding, the State filed a Return and Motion to Dismiss arguing Petitioner's claims were both successive and untimely. See Return and Motion to Dismiss in #2007-CP-32-1746. Additionally, the State highlighted that Petitioner's subject matter jurisdiction and newly discovered evidence claims should be summarily dismissed. (See Return and Motion to Dismiss in #2007-CP-32-1746).

On May 21, 2009, a motion hearing was conducted before the Honorable Roger M. Young at the Lexington County Courthouse concerning the State's Motion to Dismiss. (May 21, 2009 Tr. 1). The State was represented by A. West Lee, while Petitioner was represented by Charles Brooks. (May 21, 2009, Tr. 1). At the hearing, the State argued Petitioner's claims were both successive and untimely. (May 21, 2009 Tr. 7-8). In response, Petitioner's attorney explained that Petitioner had been suffering from a mental disability during his incarceration which prevented him from fully litigating his previous PCR claims. (May 21, 2009 Tr. 9). Accordingly, the PCR court granted Petitioner a continuance in order to obtain medical records substantiating his claims. (May 21, 2009 Tr. 11).

After an additional continuance, the PCR court conducted another hearing so Petitioner could present evidence concerning his alleged mental disability. (February 4, 2010 Tr. 4). However, Petitioner failed to do so, prompting the State to renew its Motion to Dismiss. (February 4, 2010, Tr. 7). Subsequently, on April 19, 2010, the PCR court issued an order dismissing Petitioner's

5

claims as both successive and untimely. (See Order of Dismissal in #2007-CP-32-1746). Addressing Petitioner's newly discovered evidence claim, the PCR court noted that Petitioner failed to present any evidence at either hearing in support of such a claim. (See Order of Dismissal in #2007-CP-32-1746).

Following the denial of his application for PCR, Petitioner timely filed and served a Notice of Appeal. (See Notice of Appeal in #2007-CP-32-1746). In the Notice of Appeal, counsel stated he advised Petitioner that he could not provide an explanation as to why the lower court's determination was improper as is required under Rule 243(c), SCACR.[2] (See Notice of Appeal in #2007-CP-32-1746). The Notice of Appeal further stated that counsel advised Petitioner he had twenty (20) days in which to file a pro se explanation as to why he believed the PCR court's determination was improper. (See Notice of Appeal in #2007-CP-32-1746; Letter to Petitioner dated 4/28/2010). Nevertheless, Petitioner failed to do so and on June 10, 2010, the Supreme Court of South Carolina dismissed Petitioner's appeal pursuant to Rule 243(c), SCACR. (See Order of Dismissal in Petit v. State, #2007-CP-32-1746). The Remittitur was sent on June 29, 2010. (See Remittitur in #2007-CP-32-1746).

## II. GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim in part:

GROUND ONE:            The trial judge made several prejudicial rulings that were

---

[2] Rule 243(c), SCACR (stating that where the PCR court has found an application is untimely or successive, the Petitioner must, at the time of the notice of appeal, provide the court with an explanation as to why the PCR court's determination was improper).

|  |  |
|---|---|
|  | unreasonable and amounted to 'Prejudicial errors of Law' which violated the Petitioner's rights to a 'fair trial' and substantive due process as guaranteed through the Fourteenth Amendment to the United States Constitution, . . . |
| GROUND TWO: | The Petitioner's Sixth Amendment right to 'effective assistance of counsel' was violated . . . |
| GROUND THREE: | The Petitioner's Sixth and Fourteenth Amendment rights to a fair trial were violated by 'prosecutor misconduct' . . . |
| GROUND FOUR: | The Petitioner's Fourteenth Amendment right to 'effective assistance of appellate counsel' was violated. . . |

(Petition).

### III.  SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper.  Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  Celotex, 477 U.S. 317.

Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial.  Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any."  Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

### IV.  STANDARD OF REVIEW

Since Petit filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified

9

procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3]  Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was convicted on May 8, 1997, and filed and served a timely Notice of Appeal. The South Carolina Supreme Court affirmed the conviction and issued the Remittitur on May 12, 1999. Petitioner filed a PCR application on November 16, 2000, which was dismissed as untimely. Petitioner appealed the PCR court's ruling and Certiorari was granted. Subsequently, however, the South Carolina Supreme Court issued an order dismissing Certiorari as improvidently granted, and the Remittitur was issued on May 27, 2005.

On May 16, 2007, Petitioner filed a second PCR application. The PCR court dismissed the application noting it was both successive and untimely. Petitioner filed an appeal which was dismissed for failing to provide the Court with an explanation as to why the PCR court's determination was improper. The Remittitur was issued on June 29, 2010. The statute of limitations was not tolled by the filing of the first or second PCR action because they were not properly filed. Petitioner filed this federal habeas petition on July 9, 2010, with a Houston v. Lack delivery date of June 30, 2010, based on the stamped date on the envelope. Thus, the time is well outside the limitations period.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C.

11

§ 2244(d). In <u>Harris</u>, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

<u>Harris</u>, 209 F.3d at 327.

In his responses in opposition to the motion for summary judgment, Petitioner asserts that his petition should not be dismissed on the limitations issue. Petitioner asserts that the time during his PCR application and appeal process should have tolled the statute of limitations. However, as noted by the courts, Petitioner was given several opportunities to provide the court with medical information to support his allegations that he was institutionalized or could not file due to mental disability during some of the period of time before filing his PCR application but failed to submit any evidence to substantiate his claims. Therefore, the time period during which his PCR applications were pending would not be tolled as they were not a "properly filed" application for state collateral relief. <u>See</u> 28 U.S.C. 2244(d)(2). In fact, even if the first and second PCR had been "properly" filed and the relevant time period tolled, this case is still clearly barred by the one-year statute of limitations.

The undersigned concludes there is no evidence that warrants equitable tolling. In the case of <u>Rouse v. Lee</u>, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal

criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000).  As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.  To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation.  We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect.  *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice).  Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law.  (J.A. at 328.)  The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P.  6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.)  The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]."  (J.A. at 331.)

13

Id. at 246-247.

Based on the above reasons, the undersigned finds that the petition is barred by the statute of limitations and Petitioner is not entitled to equitable tolling.

### VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #14) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

It is FURTHER RECOMMENDED that any outstanding motions be deemed moot.

                                              Respectfully Submitted,

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

March 24, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**