

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHRISTOPHER PETIT, § | |
|     Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:10-01777-HFF-TER |
| § | |
| MICHAEL MCCALL, § | |
|     Respondent. § | |

# ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition be dismissed without an evidentiary hearing. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 24, 2011, and the Clerk of Court entered Petitioner's objections to the Report on April 14, 2011. Petitioner lodges essentially three objections against the Magistrate Judge's Report.

His first objection challenges the Magistrate Judge's recommendation that his petition is time-barred. This objection is plainly without merit. The Court agrees with the Magistrate Judge that "even if the first and second PCR [petitions] had been 'properly' filed and the relevant time period tolled, this case is still clearly barred by the one-year statute of limitations." Report 12, ECF No. 26. Almost two years of untolled time elapsed between the South Carolina Supreme Court's issuance of the remittitur on his first PCR application and the filing of his second PCR application. This lapse of time alone surpasses the one-year limitations period prescribed in 28 U.S.C. § 2244(d). Thus, his instant petition is time-barred.

Petitioner next objects to the Magistrate Judge's recommendation that he is not entitled to equitable tolling. He contends that he suffers from "chronic mental health conditions that have resulted in permanent disability." Pet'r's Objs. 6, ECF No. 29. He insists that he has suffered from this disability since entering the Department of Corrections. *Id.* This mental disability, he avers, is beyond his control and prevented him from filing a timely petition. *Id.* Petitioner has provided documentation from a psychiatric hospital demonstrating that, on multiple occassions while incarcerated, he has been treated for mental illness. Pet'r's Resp. Ex. 1, ECF No. 24-2.

Equitable tolling of § 2244(d)'s one-year limitations period is permitted only in rare instances. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). To obtain its protection, a petitioner must demonstrate "(1) he has pursued his rights diligently and (2) some 'extraordinary

circumstance' prevented him from filing in a timely manner." *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008).

Mental incapacity may serve as a basis for equitable tolling, but only in exceptional circumstances where it is profound. *Sosa*, 364 F.3d at 513. The Fourth Circuit has before found that a petitioner's "diligence in seeking to vacate or modify his sentence indicate[d] quite clearly that his [mental incompetence was] not an extraordinary case." *Id.*

Petitioner has failed to demonstrate that his mental illness problems prevented him from filing a timely habeas petition. Although he conclusorily states that they did, his history of pursuing post-conviction relief suggests otherwise. His diligence in pursuing habeas relief in this case demonstrates that his mental incapacity does not prevent him from filing on time. He has repeatedly met deadlines, and when unable to do so, he filed motions for extensions of time. His response to Respondent's motion for summary judgment and objections were lengthy, comprehensive, and lucid. Nothing suggests that Petitioner's condition has improved either. According to Petitioner, his mental incompetence has existed and been ongoing since he entered the South Carolina Department of Corrections. He does not allege that his chronic mental incapacity is any more severe now than it was from 2005 to 2007—the almost two years that lapsed between the filings of his first and second PCR applications. Simply stated, his performance belies his contention that he suffers from a mental illness so profound as to have prevented him from filing his petitions in a timely manner.

Furthermore, the Court has reviewed the medical documents submitted by Petitioner in support of his claim. Although they reflect that he suffers from mental illness, they do not suggest that his mental illness is so profound as to prevent him from filing a timely federal habeas petition. For these reasons, he is not entitled to equitable tolling.

Petitioner lastly objects to the Magistrate Judge's failure to address his arguments concerning the existence of "cause and prejudice." Pet'r's Objs. 9. The Court has reviewed the objection and finds it to be without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent it is consistent with this Order, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and the petition is **DISMISSED** without an evidentiary hearing.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 27th day of September, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.